■ In the Matter of PRESCOTT RATHBORNE, Appellant, v HOUSING AND

DEVELOPMENT ADMINISTRATION, Respondent.—Judgment (denominated as a decision and order) of the Supreme Court, New York County, entered on or about June 24, 1976, which dismissed appellant's article 78 petition, unanimously affirmed, with $60 costs and disbursements to respondent. Although petitioner on July 21, 1972 filed a complaint charging his landlord with harassment, petitioner never appeared at the conference set for November 6, 1972 by respondent at his counsel's request, the purpose of which was to resolve the dispute. On November 20, 1972 petitioner moved to Louisiana. On that date he sent a letter to various parties, including respondent, wherein he restated his grievances and said he was moving. He did not, however, furnish a new address. On November 12, 1973 respondent sent a letter to petitioner at his old address, the last address known to respondent, notifying him that the file would be closed unless petitioner responded within the next seven days. Additionally, a copy of that letter was sent by respondent to petitioner's attorney at his office address. Neither the letter to petitioner nor the copy to his attorney was returned by the post office, nor did petitioner or the attorney respond. Accordingly, on December 12, 1973, respondent closed its file. On February 7, 1973 petitioner instituted suit in the United States District Court for the Southern District of New York against the landlord for damages for wrongful eviction stemming from the alleged harassment. Jurisdiction rested upon diversity of citizenship. On April 24, 1975 the United States District Court dismissed the complaint in a written opinion later affirmed by the Court of Appeals *(Rathborne v Citadel Mgt. Co.,* 535 F2d 1242). On March 26, 1975, respondent answering an inquiry by petitioner, notified him that the case was closed. On April 21, 1975 he began this article 78 proceeding. At Special Term, it was held petitioner was barred by collateral estoppel. It is unnecessary here to address the question of collateral estoppel or whether the proceeding was commenced within the 30-day period of limitation applicable under the city Rent and Rehabilitation Law, as urged by respondent. In our view, petitioner is guilty of gross laches, a claim also raised in respondent's answer. Respondent's letter of November 12, 1973, sent to petitioner and his attorney, apprised petitioner that the file would be closed if respondent did not hear from petitioner within seven days. When neither the letter nor the copy was returned to respondent by the post office and respondent received no response to the letter, the file was officially closed on December 12, 1973. To permit petitioner, at this late date, to have a hearing on his stale claim of harassment would condone inexcusable procrastination. Concur—Birns, J. P., Capozzoli, Lane and Nunez, JJ.